IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>FEDERAL SECURITY,<br><br>        Defendant. | 4:25CV3034<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Timothy Jones' Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and Motion to Appoint Counsel, Filing No. 3. Each motion is addressed below.

## I. IFP MOTION

Plaintiff, a non-prisoner, filed a Motion for Leave to Proceed IFP. Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

## II. MOTION TO APPOINT COUNSEL

Plaintiff also seeks the appointment of counsel to represent him because he is unable to afford to retain counsel. Filing No. 3. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony."

*Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims and the Court has yet to conduct an initial review of the Complaint to determine whether this case may proceed to service of process. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's Motion to Appoint Counsel, Filing No. 3, is denied without prejudice to reassertion.

3. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 18th day of March, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge