IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY JONES,<br><br>                        Plaintiff,<br><br>vs.<br><br>FEDERAL SECURITY,<br><br>                        Defendant. | **4:25CV3034**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Timothy Jones filed a Complaint on February 20, 2025. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff names "Federal Security" as the defendant in the Complaint's caption, but the body of the Complaint shows Plaintiff seeks to sue the Federal Security officers at the Denney Federal Building in Lincoln, Nebraska, who would not allow him to enter the building with his personal cell phone on February 20, 2025. Filing No. 1 at 1–3, 6. Plaintiff informed the Federal Security officers that he needed his personal cell phone "because it carr[ied] the information for the Clerk and others, and it also protect[ed] [his] rights to verify [he] was here on this date to return papers and the other party can't say [he] didn't receive or submitted [sic] any form." Filing No. 1 at 6.[1] Plaintiff alleges he suffered emotional distress due to the Federal Security officers "depriving, causing action of sabotage of paperwork." Filing No. 1 at 4. As relief, Plaintiff seeks $75,000 in damages, "a security meeting of some

---

[1] All citations to Plaintiff's Complaint have been corrected for capitalization.

4:25-cv-03034-JMG-PRSE Doc # 9 Filed: 09/22/25 Page 2 of 8 - Page ID # 23

kind of remedies," and access to the surveillance footage from February 20, 2025, "proving we was [sic] here at federal building." Filing No. 1 at 4, 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

2

framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet the minimal pleading standard.

Additionally, even given their most liberal construction, Plaintiff's conclusory and threadbare allegations fail to state a claim upon which relief may be granted. Because Plaintiff's claims appear to be against federal officials, his claims likely fall under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971).[2] "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon,* 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "As a

---

[2] Though Plaintiff checked the box indicating "diversity of citizenship" as the basis for the Court's federal court jurisdiction, the parties are clearly not diverse as both Plaintiff and the defendants are alleged to be citizens of Nebraska. Filing No. 1 at 3.

general rule, *Bivens* claims and [42 U.S.C. § 1983] claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015).

Plaintiff's claim fails under *Bivens* for at least two reasons. First, Plaintiff does not specify the capacity in which he is suing the Federal Security officers. To the extent Plaintiff sues the defendants in their official capacities, his claims would be barred by sovereign immunity. Absent an express waiver, the doctrine of sovereign immunity bars claims against the United States, its agencies, and its officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that a *Bivens* claim cannot be brought against a federal agency). The Supreme Court has explained that "[s]overeign immunity is jurisdictional in nature." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")). Based on the minimal allegations in Plaintiff's Complaint, no waiver of sovereign immunity applies in this case. Accordingly, any claims alleged against the defendants in their official capacities must be dismissed for lack of jurisdiction.

Second, to the extent Plaintiff sues the defendants in their individual capacities, his allegations do not state a claim for relief under *Bivens*. In *Bivens*, the Supreme Court authorized a cause of action against federal officials for damages based on a deprivation of constitutional rights. 403 U.S. at 391–92. The Supreme Court has only recognized a cause of action under *Bivens* in a few narrow circumstances. *See Farah v. Weyker,* 926 F.3d 492, 497 (8th Cir. 2019). Specifically, in *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal officers alleged to have violated the petitioner's Fourth Amendment rights, and the

4

Court subsequently found the "*Bivens*" remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 17–19 (1980), and the Due Process Clause, *Davis v. Passman*, 442 U.S. 228, 230 (1979). *See Hui v. Castaneda*, 559 U.S. 799, 803 n.2 (2010) (summarizing applicability of *Bivens*). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). There is a presumption against expanding *Bivens* beyond the few and narrow contexts explicitly recognized by the Supreme Court. *Neb. Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084 (8th Cir. 2005); *see also Egbert v. Boule*, 596 U.S. 482, 486 (2022) (the Supreme Court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations") (citations omitted); *Ziglar*, 582 U.S. at 135 (expanding *Bivens* to new contexts is "now a 'disfavored' judicial activity."); *Farah*, 926 F.3d at 497 ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*.")

After *Ziglar* and *Egbert*, courts employ a two-step analysis to determine whether to recognize a *Bivens* action. *Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020). First, the court considers whether a particular case falls within one of the few *Bivens* claims previously recognized by the Supreme Court. *Farah*, 926 F.3d at 498. If the court finds the Supreme Court has previously recognized the context for the claim, the case may proceed. *Id.* If the case falls outside one of the recognized claims, the court must assess whether "any special factors counsel hesitation before implying a new cause of action." *Ahmed*, 984 F.3d at 567 (quoting *Farah*, 926 F.3d at 498) (internal quotation marks and brackets omitted)). These two steps "often resolve to a

single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert,* 142 S. Ct. at 1803.

Here, although Plaintiff alleges in conclusory fashion that he was subject to a "deprivation," Plaintiff does not allege facts suggesting the defendants did anything, or failed to do anything, that violated Plaintiff's constitutional rights by not permitting him to enter the Denney Federal Building with his cell phone. Indeed, all Plaintiff's allegations suggest is that the Federal Security officers were enforcing the Court's standing rules regarding the use and admission of electronic devices into the courthouse as Plaintiff alleges he intended to visit "the Clerk," Filing No. 1 at 6. *See* NEGenR 1.6(e) ("Only federal employees with agency identification, attorneys with bar cards, and jurors with summonses may bring an electronic device into the courthouse. Other visitors must leave their electronic devices outside the courthouse or with the court security officers at the security screening station, unless allowed by a judge assigned to the case."). Plaintiff clearly was not prevented from entering the courthouse due to the defendants' conduct as he filed his Complaint in this case on the date he sought entry. Thus, Plaintiff's allegations fail to suggest any constitutional violation for which a *Bivens* remedy would apply.

In addition to the lack of sufficient factual allegations suggesting any constitutional violation, the Court is not convinced that this is the type of case in which a *Bivens* action would apply. *See Aunhkhotep v. Jordan,* No. 4:24-CV-01278, 2024 WL 4791925, at *3–4 & n.5 (E.D. Mo. Nov. 14, 2024) (concluding *Bivens* action did not apply to plaintiff's claim that U.S. Marshals violated his due process rights in placing him on courthouse Security Watch/Escort List due, in part, to national security concerns in protecting

6

federal property). As such, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## IV. OTHER PENDING MOTIONS

On July 1, 2025, and August 4, 2025, Plaintiff filed correspondence, which the Court construes as motions to receive electronic notice. Filing No. 7; Filing No. 8. Plaintiff indicates he is currently experiencing homelessness and does not have a permanent physical address. Plaintiff asks the Court to update his contact information and allow him to receive future court documents and notices via "electronic mail."

Plaintiff's request for receiving electronic notice does not comply with the Court's local rules. To obtain electronic filing access, Plaintiff would need to follow the instructions in NEGenR 1.3(b) which provides:

> (b) Registration for CM/ECF.
>
> > (1) District Court Registration.
> >
> > > Before electronically filing a document with the court, an attorney or a pro se party (i.e., one not represented by an attorney) to a pending civil case must register for electronic filing with PACER at the following web address: https://www.pacer.gov/. *See* NECivR 5.1; NECrimR 49.1. Electronic filing registration constitutes a party's consent to electronic service and waiver of the right to service by personal service or first class mail. Once registration is complete, a login and password are issued by PACER and serve as part of the user's electronic signature on documents filed on the System. *See* NECivR 11.1; NECrimR 49.2.

While Plaintiff states he does not have a permanent address, the Court notes that the address on the envelope of his last correspondence submitted on August 4, 2025, matches the address the Court has on file. *See* Filing No. 8 at 2. However, as the Court has determined this case should be dismissed,

and out of an abundance of caution, the Court will grant Plaintiff's motions in part and direct the Clerk of the Court to send a copy of this Memorandum and Order and the accompanying Judgment to Plaintiff via e-mail.

## V. CONCLUSION

Plaintiff does not allege sufficient facts to state a plausible claim upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2), and the Court will dismiss the Complaint without prejudice as the Court finds further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. The Complaint, Filing No. 1, is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court will enter judgment by separate document.

3. Plaintiff's motions to receive electronic notice, Filing No. 7; Filing No. 8, are granted in part. The Clerk of the Court is directed to send to Plaintiff a copy of this Memorandum and Order and the Judgment via U.S. Mail to the address on file with the Court and via e-mail to the address listed as Plaintiff's "new email" on page 1 of Filing No. 7.

Dated this 22nd day of September, 2025.

BY THE COURT:

*John M. Gerrard*

_____
John M. Gerrard
Senior United States District Judge